IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RICHARD JAMES TAYLOR, JR., *Pro Se* | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB 05-2344 |
| EMILY BUSKE, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

This action arises out of a complaint filed by Richard James Taylor ("Plaintiff" or "Taylor"), proceeding in proper person, against Emily Buske ("Buske") and Aramark Services, Inc. ("Aramark") (collectively "Defendants"). The complaint alleges employment discrimination on the basis of race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). This Court has jurisdiction over the complaint based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Pending before this Court is Defendant Emily Buske's Motion to Dismiss Plaintiff's claims against her for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), and for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendant Buske's Motion to Dismiss is GRANTED.[1]

---

[1] Aramark did not file the Motion to Dismiss, and thus will remain in the case as the sole Defendant.

BACKGROUND

Plaintiff, an African-American man, was employed by Aramark as a cook.[2] On December 20, 2003, Plaintiff was told by his immediate supervisor, Etta Butler ("Butler"), that he would not have to come to work during the holidays, including January 2, 2004. Ten days later, Buske, Butler's supervisor, informed Plaintiff that he would not be off on January 2 because it was not a holiday. She further told Plaintiff that if he did not appear for work on January 2, he would be fired. Plaintiff then told his fellow employees good-bye and began walking towards the door. When Buske subsequently asked for Plaintiff's badge, he gave it to her.[3]

On February 2, 2004, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a "no cause finding" right to sue letter from the EEOC on May 28, 2005. Plaintiff thereafter filed the subject complaint in this Court on August 24, 2005, alleging employment discrimination against Defendants, pursuant to Title VII. Plaintiff argues that he was discriminated against in the termination of his employment on the basis of his race and color.

Defendant Buske filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on March 7, 2006 (Paper No. 26). Buske argues that Plaintiff's claim against Buske should be dismissed because (1) a supervisor cannot be held liable in his or her

---

[2] It is unclear from the record when exactly Plaintiff began working for Aramark: the date on his Equal Employment Opportunity Commission ("EEOC") Charge appears to be April 24, 2003, while Aramark's Position Statement provides a starting date of both April 24, 2002 and April 24, 2003.

[3] According to the Position Statement submitted by Defendant Aramark, Plaintiff quit his job by handing Buske his employment badge and leaving his place of employment.

personal capacity under Title VII and (2) Plaintiff did not name Buske in his EEOC Charge. Plaintiff filed a Response to Buske's Motion to Dismiss on March 13, 2006 (Paper No. 28), in which Plaintiff argued that his claim against Buske should not be dismissed because Buske was a representative of Aramark and that Buske was listed throughout the EEOC Charge as a party of interest.  On March 24, 2006, Buske filed a Reply to Plaintiff's Response in support of her Motion to Dismiss.  (Paper No. 29.)  In her Reply, Buske argues that her Motion to Dismiss should be granted because (1) Plaintiff never identified Buske as Plaintiff's employer in his correspondence with the EEOC, and (2) being a representative of Aramark does not mean that Buske is liable personally.

## APPLICABLE STANDARDS OF LAW

### I.      Dismissal for Lack of Subject Matter Jurisdiction

Under Federal Rule 12(b)(1), in which a defendant is challenging a court's subject matter jurisdiction, it is the plaintiff who must prove that subject matter jurisdiction exists.  *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).  "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress." *Bowman v. First Nat'l Bank of Harrisonburg*, 388 F.2d 756, 760 (4th Cir. 1968).  For example, Article III of the Constitution extends federal court jurisdiction to cases arising under the Constitution and federal laws, and cases involving diversity of citizenship, among others.  U.S. CONST. art. 3, § 2, cl. 1.  Thus, a case must be entirely dismissed by a federal court if the federal court determines that it lacks subject matter jurisdiction. *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006).

### II.     Dismissal for Failure to State a Claim

Dismissal under Federal Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Generally, the Federal Rules of Civil Procedure do not require that a complaint describe alleged wrongdoing with any particularity. *Bender v. Suburban Hosp.*, 998 F. Supp. 631, 632 (D. Md. 1998), *aff'd,* 159 F.3d 186 (4th Cir. 1998) (citing Fed. R. Civ. P. 8(a)(2); *Comet Enter. Ltd. v. Air-A-Plane Corp.,* 128 F.3d 855, 860 (4th Cir.1997)). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). In addition, courts do not ordinarily consider affirmative defenses in deciding a motion to dismiss. However, when a meritorious affirmative defense is apparent from the face of the complaint then dismissal is appropriate. *See Brooks v. City of Winston-Salem, N.C.,* 85 F.3d 178, (4th Cir. 1996) (dismissal is appropriate "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."); *Wright v. U.S. Postal Service,* 305 F. Supp. 2d 562, 563 (D. Md. 2004) (citing *Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir. 1984)).

## DISCUSSION

### I. Exhaustion of Administrative Remedies

Initially, Plaintiff's Title VII racial discrimination claim against Defendant Buske must be dismissed because Plaintiff's administrative remedies were not exhausted before the suit was filed. Before filing suit under Title VII, employees must exhaust administrative remedies available through the EEOC. 42 U.S.C. § 2000e-5(1). Normally, a Title VII action can only be brought "against the respondent named in the [EEOC] charge." 42 U.S.C.A. § 2000e-5(f)(1). *See*

*Kritil v. Port East Transfer, Inc.*, 661 F. Supp. 66, 66, 44 FEP 1635 (D. Md. 1986) (holding that the individual defendant's motion to dismiss the Title VII claims against him because he was not named in the plaintiff's EEOC Charges was granted).  Thus, if individual defendants are not identified as respondents in a plaintiff's EEOC charge, they cannot be held personally liable. *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998).  As Buske was not listed on Plaintiff's Charge before the EEOC as a respondent, Plaintiff has failed to exhaust his administrative remedies with respect to her, and Buske cannot be held personally liable.

Plaintiff argues in his Response that Buske was listed throughout his EEOC Charge, and that the Charge was not worded in a way that indicated that all defendants had to be expressly named as respondents in the Charge.  (*See* Pl.'s Mem. Opp'n Mot. Dismiss p. 1.)  However, any argument that could be made regarding putting an individual on notice by naming the individual in an EEOC Charge is based on law that predates the Fourth Circuit's decision in *Lissau* that supervisors are not liable in their individual capacity.  *See, e.g.*, *Scannell v. Bel Air Police Dept.*, 968 F. Supp. 1059 (D. Md. 1997); *McAdoo v. Toll*, 591 F. Supp. 1399 (D. Md. 1984).  Thus, Plaintiff's argument that his claim against Buske should not be dismissed because Buske was listed throughout the EEOC Charge necessarily fails.  Accordingly, there is no subject matter jurisdiction as a result of Plaintiff's failure to exhaust administrative remedies.

**II.     Suing an Individual Employer Under Title VII of the Civil Rights Act**

Alternatively, it is well established that a plaintiff cannot bring a Title VII action against a defendant as an individual.  *Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998) ("[S]upervisors are not liable in their individual capacities for Title VII violations.").  *See also Mikkelsen v. Dewitt*, 141 Fed. Appx. 88, 91 (4th Cir. 2005) (quoting *Lissau*, 159 F.3d at

178); *Hoffman v. Baltimore Police Dept.*, 379 F. Supp. 2d 778, 790 (D. Md. 2005).  As an individual supervisor, therefore, Buske argues that she cannot be personally liable with respect to Plaintiff's Title VII claim.  (*See* Def.'s Mot. Dismiss p. 1, 5.)  Nonetheless, Plaintiff correctly argues that Buske was a representative of Aramark Services, Inc., her employer, and thus that Buske should be held liable for her actions.  (*See* Pl.'s Mem. Opp'n Mot. Dismiss p. 1.)  However, Plaintiff provides no case support for this assertion, and the Court could not find any cases where the Fourth Circuit or this Court adopted such a policy.  Therefore, because an individual cannot be sued under Title VII, Plaintiff has failed to state a claim upon which relief can be granted with regard to Buske.

Moreover, while it may be possible to sue an individual defendant in his or her official capacity, this would generally be treated as a suit against the employer and thus would be redundant, assuming that the employer has been sued and remains a defendant in the lawsuit.  *See Henderson v. Gilbert*, No. JFM-06-1284, 2006 LEXIS 50213, at *4 n.1 (D. Md. July 10, 2006).  Therefore, even if Defendant Buske could be sued in her official capacity, because her employer, Aramark, remains a defendant in Plaintiff's suit, the claims against Buske would be redundant.  Thus, apart from his failure to exhaust administrative remedies, Plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons set forth above, Defendant Buske's Motion to Dismiss is GRANTED.  A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date:   October 6, 2006.