IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD JAMES TAYLOR, JR., | * | |
| *Pro Se* Plaintiff, | * | |
| v. | * | Civil Action No. RDB-05-2344 |
| ARAMARK SERVICES, INC., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This employment discrimination action arises out of a Complaint filed by Richard James Taylor, Jr. ("Taylor" or "Plaintiff"), proceeding in proper person, against his former employer, Aramark Services, Inc. ("Aramark" or "Defendant"). The Complaint alleges that Taylor was terminated because of his race and color in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1331. Pending before this Court is Aramark's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 102(1)(b)(iii) (D. Md. 2004). As there was no response from the Plaintiff, no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2004). For the reasons set forth below, Aramark's Motion to Dismiss is GRANTED.

## BACKGROUND & PROCEDURAL HISTORY

The events leading to this action are set forth in this Court's Memorandum Opinion of October 6, 2006, and need not be repeated here. (*See* Paper No. 34.) Proceeding in proper person, Richard James Taylor, Jr., filed the instant employment discrimination action on August 24, 2005, against his former employer, Aramark Services, Inc. and former supervisor, Emily

Buske ("Buske"), alleging that he was fired in violation of Title VII.  On March 7, 2006, Buske filed a Motion to Dismiss for lack of jurisdiction and for failure to state a claim against her.  On June 26, 2006, Taylor filed a Motion for Summary Judgment.  On October 6, 2006, this Court granted Buske's Motion to Dismiss, leaving Aramark as the sole Defendant in this action, and denied without prejudice Plaintiff's Motion for Summary Judgment, as it was premature.

A scheduling order was issued on October 6, 2006.  The deadline for initial disclosures was set as December 5, 2006.  On December 4, 2006, Aramark attempted to serve its initial disclosures on Taylor via Federal Express at the address he had listed with the Clerk's office, but the current resident informed Aramark's counsel that Taylor no longer lived there.  Counsel was also unable to reach Taylor at his listed telephone number.  On December 20, 2006, Aramark filed a Notice of Inability to Serve Defendant Aramark's Rule 26(a)(1) Initial Disclosures on Plaintiff Due to Incorrect Address on File.  (Paper No. 38.)  The October 6 scheduling order also set the discovery deadline as February 20, 2007.  Plaintiff did not send any requests for discovery to the Defendant.  To date, Plaintiff has not updated his address or telephone number with this Court.

Defendant filed the instant Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute on February 19, 2007.  (Paper No. 39.)  Plaintiff did not file an opposition.

## DISCUSSION

**A.     Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move for involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court."  However, "[a] dismissal with prejudice [under Rule 41(b)] is a

harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'"  *Herbert v. Saffell*, 877 F.2d 267, 269-270 (4th Cir. 1989) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted)).  The United States Court of Appeals for the Fourth Circuit has articulated four factors that district courts must consider before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal."  *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Herbert*, 877 F.2d at 270).

**B.   Taylor's Failure to Prosecute**

Defendant Aramark Services, Inc. has moved to dismiss this action because Plaintiff Richard Taylor, Jr., has "disappeared and effectively abandoned his case." (Def.'s Mem. Supp. Mot. Dismiss 4.)  Specifically, Defendant argues that Taylor did not update his address with this Court, as required by Local Rule 102(1)(b)(iii) (D. Md. 2004),[1] and that Taylor has not taken any steps to initiate discovery.  (*Id.* at 3.)  Applying the four factors articulated by the Fourth Circuit, this Court finds that Taylor essentially abandoned his lawsuit and therefore failed to prosecute it.

First, as a *pro se* plaintiff, Taylor is solely responsible for his involvement in this suit. Even though *pro se* litigants are afforded every opportunity to participate in the legal process, they must still follow the procedural rules of and orders issued by this Court.  Local Rule

---

[1] Local Rule 102(1)(b)(iii) provides that "*[p]ro se* litigants must file with the Clerk in every case which they have pending a statement of their current address. . . . These obligations are continuing, and if any *pro se* litigant fails to comply with them, the Court may enter an order dismissing any affirmative claims for relief filed by that party. . . ."

102(1)(b)(iii) requires pro se litigants to update the Clerk's office with changes of address. Plaintiff did not notify the Clerk's office that he had moved even though he was clearly aware of this requirement because he filed a notice of his change in address with this Court on June 26, 2006. (Def.'s Mem. Supp. Mot. Dismiss 5 (citing Paper No. 31).) In addition, he has not complied with the scheduling order issued by this Court on October 6, 2006. Taylor is the only person responsible for complying with these and other requirements.

Second, Aramark claims it is "severely prejudiced by the delay in discovery in this case." (*See id.* at 4.) The Defendant has been involved in the case since it was filed in August of 2005, approximately twenty-one months ago. The discovery deadline passed in February 2007 without the Plaintiff making any discovery requests to the Defendant. Aramark argues that this delay of time has made it increasingly difficult to prepare a defense. (*Id.*) Not only did Plaintiff's termination occurred in December of 2003, more than three years ago, but also Taylor's unavailability during the discovery period has rendered investigating his claims very difficult. (*Id.*) Without a valid address and phone number, Aramark could not serve its own discovery requests on the Plaintiff.

Third, Aramark contends that Taylor has "a history of deliberately proceeding in a dilatory fashion" because he essentially abandoned his case. (*Id.* at 5.) He not only failed to update his address and phone number with the Court but also made no attempts at discovery, despite clear deadlines. Defendant argues that Plaintiff's failure to report his new address is "particularly egregious" and must have been "deliberate" in light of the fact that he had filed a change of address previously. (*Id.*) Although not necessarily an egregious or deliberate offense, the Plaintiff's failure to comply with Local Rule 102(1)(b)(iii) is grounds for dismissal in and of

4

itself.[2]

Finally, Aramark argues that dismissal is the appropriate sanction for this case. (Def.'s Mem. Supp. Mot. Dismiss 5.) As Defendant aptly notes, Taylor has had "ample time" to file a change of address form and "made no efforts" to 'advance his case in any way." (*Id*.) The fact that Taylor did not respond to the instant Motion to Dismiss is further indication that he has abandoned his claims.

Taking into consideration the four elements articulated by the Fourth Circuit in *Herbert* and *Davis*, this Court finds that the Plaintiff has failed to prosecute his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Plaintiff has also failed to comply with Local Rule 102(1)(b)(iii) (D. Md. 2004), warranting dismissal of this action. Accordingly, the Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendant Aramark Services, Inc.'s Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute is GRANTED and the case is dismissed without prejudice. A separate Order follows.

/s/
Richard D. Bennett
United States District Judge

Date: May 30, 2007

---

[2] *See supra* note 1.